[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14146

Non-Argument Calendar

_____

MARK A. MARCHETTI,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23940-KMM

_____

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Mark Marchetti, a Florida state prisoner, is serving six consecutive life sentences (and multiple other consecutive terms of imprisonment) after he was found guilty of several offenses following his repeated sexual abuse of his minor daughter C.M. Proceeding pro se, Marchetti appeals the district court's denial of his petition for a writ of habeas corpus. We affirm.

Marchetti was charged with four counts of sexual battery on a victim under twelve, one count of lewd and lascivious molestation on a child under twelve, one count of kidnapping a child under thirteen with the intent to commit a sexual offense, one count of battery on a child under eighteen by bodily fluids, one count of lewd and lascivious conduct on a child under sixteen by a defendant over the age of eighteen, and one count of incest. At Marchetti's criminal trial, the state of Florida offered testimony from Elaine Marchetti, Marchetti's ex-wife and C.M.'s mother, about the night she learned of the sexual abuse. Elaine explained that when she confronted Marchetti to ask if he had abused C.M., he responded that he "d[idn't] know" if he had but that his "daughter [wa]s not a liar" and that "if she said [he] did it then [he] did it." Marchetti then began acting erratically, smashing cups against his forehead, crying, screaming, and threatening to jump off a nearby balcony. The state corroborated this account with the testimony of Gloria Martinez, a friend of Elaine and Marchetti's who was present when

Elaine confronted Marchetti. Martinez confirmed that when confronted with the allegations Marchetti claimed he "d[idn't] remember that he did it" but that there was no reason for C.M. to lie and repeatedly exclaimed, "I did it, I did it."

The jury also heard C.M. discuss the abuse, both in a recorded interview with a forensic nurse and through closed circuit testimony. In both, C.M. stated that Marchetti forced her to participate in oral, vaginal, and anal sex. Marchetti would also take pictures of C.M. with his cellphone while he forced her to perform oral sex on him. C.M. believed that Marchetti had deleted most of the photos, however, because when looking through Marchetti's phone one day she only saw one photo depicting the abuse. Seemingly describing Marchetti's penis in the picture, C.M. recalled that it "had like an outer layer at the tip."

Marchetti was found guilty of all counts. After his convictions were affirmed on direct appeal, Marchetti moved for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Seizing on the statement describing his penis as having "an outer layer at the tip," Marchetti argued that C.M. "clearly" misdescribed him as uncircumcised when he had in fact been circumcised as a child. He argued his trial counsel therefore rendered constitutionally ineffective assistance of counsel by not introducing a photograph of his penis at trial, which would have "conclusively refute[d]" C.M.'s testimony and proven her claims of sexual abuse were "simply implausible."

The state habeas court denied Marchetti's motion, finding his argument "unfounded . . . for the simple reason that C.M. never" claimed he was uncircumcised—in fact, the state habeas court found she seemingly described Marchetti as circumcised, so introducing a picture of his penis would have incriminated him further. The state appellate court affirmed without a written opinion. Marchetti then filed a petition for federal habeas relief on the same claim, and the district court denied his petition. We granted a certificate of appealability on one question:[1] Whether counsel provided ineffective assistance by failing to introduce photographs of Marchetti's circumcised penis, as evidence that the victim may have incorrectly described Marchetti's genital anatomy?

Our review of Marchetti's petition is governed by the Antiterrorism and Effective Death Penalty Act's "highly deferential standards." *Davis v. Ayala*, 576 U.S. 257, 269 (2015). Under AEDPA, when a petitioner's claim is first adjudicated in state court, a federal court cannot grant habeas relief unless the state court's rejection of his claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law"; or "(2) resulted in a decision that was based on an

---

[1] Marchetti's rule 3.850 motion and federal petition raised other grounds for relief that are not at issue in this appeal. He briefs issues not in his certificate of appealability, but we don't reach them because "[w]e may only review claims encompassed by the COA." *See Raleigh v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 938, 948 (11th Cir. 2016).

unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d).

AEDPA's unreasonable application standard requires a petitioner to show more than that the state court's decision was "merely wrong or even clear error." *Shinn v. Kayer*, 592 U.S. 111, 118 (2020) (quotation omitted). Instead, he must show that "no 'fairminded jurist' could agree with the state court's determination or conclusion." *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012) (citing *Harrington v. Richter*, 562 U.S. 86, 101 (2011)). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

When a petitioner presses an ineffective assistance of counsel claim, he "must show that [his] counsel's performance (1) 'fell below an objective standard of reasonableness' and (2) 'prejudiced the defense.'" *Tharpe v. Warden*, 834 F.3d 1323, 1338 (11th Cir. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). To establish prejudice, the petitioner must demonstrate there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability means a substantial, not just conceivable, likelihood of a different result." *Shinn*, 592 U.S. at 118 (quotation omitted). Because the "[f]ailure to establish either prong is fatal" to an ineffective assistance claim, if the state court's prejudice determination was reasonable we need not address counsel's allegedly deficient performance. *See Tuomi v. Sec'y, Fla. Dep't of Corr.*, 980 F.3d 787, 795 (11th Cir. 2020).

Marchetti's only argument as to prejudice is that the phrase "an outer layer at the tip" conclusively described his penis as uncircumcised. Therefore, he argues, a picture showing he is circumcised would have either proven C.M.'s allegations were fabricated or excluded him as her abuser.

Marchetti has failed to establish that no fairminded jurist could reach the same no-prejudice conclusion that the state habeas court did. First, the state habeas court did not unreasonably determine that C.M.'s testimony that the penis had "an outer layer at the tip" was not necessarily a statement that Marchetti was circumcised. C.M. was describing a picture she saw on Marchetti's phone—not what she observed during any instance of sexual abuse—and did not elaborate on what she meant by "an outer layer at the tip." If C.M. did not mean that Marchetti was uncircumcised, a picture of his penis wouldn't have been exculpatory and he wasn't prejudiced by any failure to present it. *See Rhode v. Hall*, 582 F.3d 1273, 1287 (11th Cir. 2009) (noting that a defendant cannot establish prejudice when counsel did not present "evidence incompatible with the defense strategy"). Because Marchetti's argument relies on his speculative interpretation of this phrase, he hasn't shown a "substantial" probability he would have been acquitted had his counsel rebutted what he interpreted it to mean. *Shinn*, 592 U.S. at 118 (quotation omitted); *Putman v. Head*, 268 F.3d 1223, 1228 n.3 (11th Cir. 2001) ("[The petitioner] has utterly failed to show that . . . there is a reasonable probability the jury would have found [him] not guilty.").

Second, at trial, the jury heard C.M. describe, both in her forensic interview and testimony, Marchetti's repeated acts of sexual abuse. They also heard both Elaine and Martinez testify that Marchetti told them to believe C.M. when he was initially confronted with the allegations. The jury clearly credited some or all of this testimony when it found Marchetti guilty on all counts. Marchetti hasn't shown a substantial probability that, had his counsel rebutted this single point in C.M.'s testimony, the jury would have instead completely discredited the remainder of her testimony and his admission and acquitted him. *See Fortenberry v. Haley*, 297 F.3d 1213, 1229 (11th Cir. 2002) (concluding the petitioner failed to establish prejudice where there was "strong" evidence of guilt). The state habeas court therefore did not unreasonably apply federal law in denying Marchetti's ineffective assistance of counsel claim for lack of prejudice.

**AFFIRMED**.